**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

EDWIN R. CASTRO-SANDOVAL, )
)
        Movant, )
)
vs. ) Case No. 08-00010-CV-W-FJG
) Crim. No. 07-00072-01-CR-W-FJG
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

# ORDER

Pending before the Court is movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1). Movant makes the following arguments: (1) he was denied ineffective assistance of counsel, (2) the government breached the plea agreement where counsel allegedly represented to movant that his sentence would not exceed 46 months, and (3) petitioner's criminal history category was erroneously calculated. Movant claims he was denied effective assistance of counsel because his attorney: (1) failed to argue to the Court that a plea agreement had been reached by all the parties; (2) failed to argue that petitioner's criminal history category was erroneously calculated; (3) failed to object to any reference made to uncharged conduct; (4) failed to perfect the record; and (5) failed to preserve the issues for appeal.

     Respondent claims movant's ineffective assistance of counsel claim must be denied because movant cannot demonstrate that the outcome would have been different had his counsel made the above arguments. Additionally, respondent argues movant's second contention that the government breached the plea agreement fails because no plea

agreement exists. Finally, respondent states that movant's sentence was correctly computed.

For the reasons stated below, the Court will **DENY** movant's motion to vacate, correct, or set aside his sentence.

## I. LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919 (1993)).

## II. DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S. Ct. at 2065-66.

2

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Further, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S. Ct. at 2068.

Movant's ineffective assistance of counsel claim fails as a matter of law. The Court agrees with respondent that movant cannot satisfy an ineffective assistance of counsel claim. None of the prongs have been satisfied. Further, the Court specifically addressed the performance of movant's attorney with the movant at the change of plea hearing held on April 3, 2007. The Court asked, "And I'll ask the defendant if he's satisfied with the legal representation Mr. Pace has provided to him?" Movant replied, "Yes, sir." The Court: "Has he failed or refused to do anything that you have asked him to do?" Movant: "No, sir."

Under the second prong of the Strickland test, even if an error by counsel is unreasonable, the judgment should not be set aside unless it would have changed the outcome. Strickland, 466 U.S. at 691-92, 104 S. Ct. at 2066-67. The Court finds that even if counsel's failure to make certain objections to movant's sentence or the PSR was unreasonable, it did not prejudice the movant. If counsel had made all of movant's objections, the outcome would have remained the same.

When there is a reasonable probability that the Government would have been able to produce facts sufficient to support the offense level in the PSR, courts have held that counsel was not ineffective for failing to make objections to the PSR. See United States v. Apfel, 97 F.3d 1074, 1077 (8th Cir. 1996) (holding that there was no doubt the government would have been to prove the offense level and thus the result of defendant's

3

sentencing would not have been different); Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir. 1996)(concluding that trial counsel is not ineffective to object to facts in a pre-sentence report resulting in a particular offense level if the government would be able to establish facts sufficient to support the offense level).  For instance, if movant's counsel had objected to movant's criminal history in the final PSR, respondent would have produced facts to support the points given for those prior offenses.  Based on the fact that movant had three prior convictions, it is almost unequivocal that respondent would have been able to meet its burden.  Additionally, the Court asked the movant at the sentencing hearing if he had reviewed the PSR and discussed it with counsel.  He replied that he did. Movant's counsel also stated he had no objections to the final PSR at the hearing. Therefore, movant fails on his claim of ineffective assistance of counsel.

The Court also finds that the PSR properly reflects the appropriate amount of points given for movant's criminal history.  A claim that a sentence was more severe than expected, provided the sentence was within the statutory range, is not cognizable in a §2255 proceeding.  See House v. United States, 508 F.2d 509, 516 (1974).  In addition, the Court gave movant the low end of the guideline range. Thus, the Court dismisses movant's claim that his criminal history was incorrectly computed.

Finally, the Court dismisses any of movant's objections that the government breached the plea agreement when there is no plea agreement.  While respondent presented a draft plea agreement to movant, no plea agreement was ever signed or executed by the parties.  Thus, there can be no breach of a plea agreement when no such agreement existed.  It also follows that movant's counsel cannot be held ineffective for failing to discuss a non-existent plea agreement with the Court.  Further, even a plea

4

Case 4:07-cr-00072-FJG   Document 27   Filed 04/30/08   Page 4 of 5

agreement had been reached, the Court still has the discretion to disregard the computations in the plea agreement.

Although movant claims his attorney represented to him that his sentence would not exceed 46 months, movant's reliance on that representation is not enough to support a claim of ineffective assistance of counsel. Even if movant relied on his attorney's impression about the length of his sentence, "[a] defendant's reliance on an attorney's mistaken impression about the length of a sentence is insufficient to render his plea involuntary" as long as movant is informed of the maximum possible sentence. See Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990). The record reflects that the movant was informed.

### III. CONCLUSION

Upon careful review and consideration, the Court finds that the record in this case conclusively demonstrates that movant is entitled to no relief. Accordingly, it is hereby **ORDERED** that movant's motion to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED.** The Court concludes that no evidentiary hearing is necessary because the record affirmatively refutes the factual assertions upon which the claim is based. Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

Date: 4/30/08　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge